UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:01-CR-185-TLS |
| | ) | |
| CHARLES M. LAW | ) | |

**OPINION and ORDER**

After adjudicating the Defendant, Charles M. Law, guilty upon his plea of guilty to four counts charging him with violating 21 U.S.C. § 843(b), use of a communication facility to distribute controlled substances, the Court sentenced him pursuant to 21 U.S.C. § 843(d) and the United States Sentencing Guidelines that were in effect on the date of his sentencing, October 5, 2006. The sentence was 180 months imprisonment. The Defendant's total offense level was 41, and his criminal history category was III, resulting in an advisory guidelines range of 360 months to life. However, the statutory maximum for each of the four counts the Defendant pled guilty to was four years, resulting in a potential term of imprisonment of 16 years or 192 months if the sentences were to be served consecutively. The Court granted the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and imposed the requested sentence of 180 months.

On February 22, 2008, this Court granted the Defendant's request for the appointment of counsel in connection with possible resentencing under the amended cocaine base guidelines [DE 514]. The Court's order directed the Defendant, his counsel, the government, and the United States Probation Office on the procedure that would govern the Court's determination whether the Defendant was entitled to a reduction in his sentence pursuant to amended guideline §1B1.10, which took retroactive effect on March 3, 2008.

On March 17, 2008, the Defendant's court-appointed counsel filed a notice [DE 524]

explaining that a reduction in the Defendant's sentence is not appropriate because his amended guidelines range is greater than the statutory maximum and accordingly granted him no relief. In conjunction with that Notice, the Defendant's attorney on the same date filed a motion to withdraw [DE 525] as court-appointed counsel as directed by the Court's February 22 order.

Pursuant to the February 22 order, if counsel moves to withdraw, "[t]he Defendant then has 30 days to file a response, pro se, to counsel's notice and request to withdraw, and a pro se motion for reduction of sentence." (DE 514 at 2.) "The Court will then rule on counsel's request to withdraw, and on any pro se motion that the Defendant filed." (*Id.*)

On April 14, 2008, the Defendant *pro se* filed a Motion for Modification of Term of Imprisonment [DE 532] pursuant to 18 U.S.C. § 3582(c)(2) and the amended crack cocaine guidelines. The Defendant made a number of interrelated claims. Most relevant to his motion under § 3582(c)(2), the Defendant stated that under the amended guidelines, the advisory guidelines range is now 27 to 33 months, and he should receive a sentence at the minimum of that range. (Def. Mot. 8–9.) Also, or in support of that claim, the Defendant stated that three of the criminal counts he pled guilty to involved marijuana, not crack cocaine, so the base offense level would be 12, plus 6 points for various enhancements. (*Id.* at 9.) He does not contest his criminal history category of III. (A guidelines range of 27 to 33 months for criminal history category III corresponds to an offense level of 16, not 18 as the Defendant calculated.) Related to the drug amounts and offense levels, the Defendant says his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the relevant conduct found by the Court boosted his offense level beyond the statutory maximum. (Def. Mot. 5–6.) The Defendant also claims his sentence was not imposed in accordance with *United States v. Booker*, 543 U.S. 220 (2005),

2

(Def. Mot. 9), and he wants his modified sentence to be consistent with the holdings of *Booker*, *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007), as well as with 18 U.S.C. § 3553(a), (Def Mot. 9). This, in turn, seems to be based on his claim that his sentence was based on an amount of drugs, 1.5 or more kilograms of crack cocaine, that he claims he did not admit to and/or was not found by a jury of his peers. (Def Mot. 6–7.) The Defendant also asks the Court to appoint counsel and to hold a hearing with the Defendant present to receive "mitigating evidence." (Def. Mot. 8.)

Counsel's notice is correct that the Defendant is not eligible for a reduced sentence under § 3582(c)(2) and the amended, retroactive crack cocaine guidelines. Even with an amended total offense level of 39[1] under the new crack cocaine advisory guidelines, his guidelines range of 324 to 405 months remains well above the statutory maximum of 192 months. Accordingly, his guideline range becomes 192 months, just as it did in his original sentence. U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily required maximum sentence shall be the guideline range.").

The amended policy statement regarding reducing an imprisonment term as a result of an amended guideline range states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B). The crack cocaine amendment does not lower the Defendant's applicable guideline range in this case; the guideline range remains at

---

[1] The U.S. Probation office issued an addendum to the Presentence Report on April 18, 2008. The addendum recalculated the Defendant's total offense level at 39 based on the amended crack cocaine guidelines. The Court accepts the calculation of the new offense level. The addendum also noted that § U.S.S.G. 5G1.1 keeps the guideline sentence at 192 months because it is the statutory maximum.

192 because of § 5G1.1(a). For the same reason, it is also not the case that "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines." § 1B1.10(a)(1). Therefore, the Defendant's request for a reduced sentence pursuant to § 3582(c)(2) and the amended crack cocaine guidelines must be denied.[2] *See, e.g.*, *United States v. McFadden*, — F.3d —, 2008 WL 1902056 (8th Cir. 2008); *United States v. Brandon*, No. 05-755, 2008 WL 1995133 (D.N.J. May 7, 2008).

The Defendant's request for a hearing with him present in order to present mitigating evidence is also denied. There is no need for a hearing because the Defendant's sentence is not being modified. Even if the Defendant was eligible for a reduced sentence under the amended crack cocaine guidelines, the Court, exercising its discretion, would deny the request for a hearing because no good cause has been shown for such a hearing and the Defendant is not entitled to one. *See United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). A request for a modified sentence that is consistent with *Booker*, *Kimbrough*, *Gall*, and § 3553(a) also is denied because the Defendant is not eligible for any sentence modification in the first place.

The other claims in the Defendant's motion (how drug types or amounts were considered, the alleged *Apprendi* violation, etc.) are not proper claims for a § 3582(c)(2) motion. A defendant must either bring such claims on direct appeal (for which the time has passed in this case), or by way of a motion to vacate pursuant to 28 U.S.C. § 2255.

> A prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside[,]

---

[2] Because the Defendant is not eligible for a reduced sentence under the retroactive guidelines, his sentence, including the effect of the previously granted § 5K1.1 motion, remains the same at 180 months. The § 5K1.1 departure cannot now affect a sentence that is not being reduced or modified in the first place.

4

or correct the sentence.

§ 2255(a). If the Defendant wishes to pursue the latter[3] and proceed with a habeas corpus petition[4], the Court cautions him pursuant to *Castro v. United States*, 540 U.S. 375 (2003), because prisoners may only file a single collateral attack without the permission of a panel of the appropriate Circuit Court of Appeals. 28 U.S.C. § 2255(h).

In light of *Castro*'s instructions, 540 U.S. at 383, the Court notifies and cautions the Defendant as follows:

(1) The Court intends to recharacterize the remaining claims in this motion as a motion to vacate under § 2255;

(2) such a recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions, specifically, that such motions require "a panel of the appropriate court of appeals" to certify that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," § 2255(h)(1), or "a new rule of

---

[3] For § 2255 motions, "[a] 1-year period of limitation shall apply." § 2255(f). While the Court does not now rule on whether the one-year limitation period has run, the Court does note that sentencing was held on October 5, 2006, and judgment was entered the same date.

[4] The Court also notes that if the Defendant does pursue a motion to vacate under 28 U.S.C. § 2255, the government would have a colorable claim that he violated his plea agreement. "I also agree not to contest my conviction and my sentence or the manner in which my conviction or sentence was determined or imposed . . . in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." Plea Agreement ¶ 9(j) at 5, DE 284.) Such a violation can have serious consequences. "I understand that should I violate any of the foregoing terms and conditions of this plea agreement, the United States may ask the Court to rescind this agreement and I might then be prosecuted for all criminal offenses I may have committed." (*Id.* ¶ 9(i) at 4, DE 284.) *See Nunez v. United States*, 495 F.3d 544, 548 (7th Cir. 2007) ("When a defendant violates a plea agreement by appealing despite a promise not to do so, the prosecutor may withdraw concessions made as part of the bargain.").

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2); and

(3) The Defendant has 45 days from the date of this order to (a) withdraw the remaining claims so that they are not recharacterized as a § 2255 motion, OR (b) to amend the pleading so that it contains all the § 2255 claims the Defendant believes he has.

### CONCLUSION AND ORDER

For the foregoing reasons, the Defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense [DE 532] is DENIED; and the Motion to Withdraw as Court Appointed Counsel [DE 525] is GRANTED and attorney Thomas N. O'Malley is allowed to withdraw as attorney of record in this cause of action.

SO ORDERED on May 30, 2008.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION